The opinion of the court was delivered by
McEnery, J.
The accused was indicted for murder, convicted of manslaughter and sentenced to hard labor for a term of seven years. He appealed.
The defendant in his own behalf was interrogated as to the dangerous character of the deceased. The question was objected to by the prosecution on the ground that no foundation had been laid for the introduction of such evidence. The objection was sustained, a bill reserved, and upon this the defendant relies.
In the bill of exception a statement is made as to what fact on this point the State witnesses swore to.
The judge in a statement to the bill says: “The counsel for the accused has undertaken to relate the testimony as given in the trial, but as it differs in several material particulars from that actually delivered it is necessary to briefly state the facts on which the ruling was based.” We must accept the statement of facts as made by the
*1523 trial judge. This rule has been so often affirmed that no departure from it would be warranted. So far as the evidence of a hostile demonstration of the deceased against the accused is concerned it remains before the jury, arid is a matter for their consideration in the plea of self-defence urged by the defendant. .
The judge has his duties to perform in the course of the trial in determining questions of law, and his conscience and his judgment must be respected.
Whether or not a proper foundation has been laid for the introduction of evidence as to the character of the deceased is a question of law. The facts as relating generally to the defence must necessarily go to the jury for their final consideration, and among them the testimony as to the overt act or hostile demonstration. But the fact as to character, and the fact of communicated threats, must have a proper foundation laid before evidence as to them can be received. Whether these facts should go to the jury are based upon other facts which are addressed to the judgment and the conscience of the judge. Hence we have said, in two cases, State vs. Ford, 37 An. 443, and State vs. Harris, 45 An. 843, that there is a wide difference between evidence of an overt act and proof of the same, and that passing upon such a question the trial judge is from necessity clothed with the authority to decide whether a proper foundation has been laid for the proffered evidence of an overt act, and that authority includes the discretion to ignore and not to consider testimony which his reason refuses to believe.
The material statement of the trial judge is as follows: “Some words passed between the parties, bat of an immaterial and not threatening character. The deceased, who was three or four feet from the accused, took hold of the latter by the coat near the collar with one hand, when the accused shoved or pressed the deceased toward the back door of the room, through which both parties disappeared scuffling, the deceased exclaiming, that ‘ damned son of a bitch has stabbed me.’ The witnesses state that the body was found within three or four feet of this door with a wound near the region of the heart. None of the State witnesses stated that blows had been exchanged, or that the act of the deceased in taking hold of the accused was in a hostile manner, or indicated any anger, and was not accompanied by any threats.
‘ ‘ The statement of the accused (as related by his counsel), which is *1524 substantially correct, was so contradictory as compared with that of the • State witnesses that I considered it fabricated, and standing alone did not suffice to lay a proper foundation for the admission of the testimony. In fact I was strongly impressed with the opinion from the nature of the testimony that the conduct of the deceased in taking hold of the accused was rather pacific and friendly.”
His statement brings this case within the rulings of the cases referred to.
■ The motion for a ■ new trial only urged the defence contained in the bill.
Judgment affirmed.
Rehearing refused.